IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NATALIE NICOLE BONNER, #09533-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv622 |
| | § | CRIMINAL ACTION NO. 4:15cr81(2) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Movant Natalie Nicole Bonner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting violations concerning her Eastern District of Texas, Sherman Division conviction. For the reasons stated below, and after due consideration, the Court will deny the motion.

## BACKGROUND

On March 18, 2016, pursuant to a plea agreement, Movant pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. The maximum penalty for the offense was thirty years. Based upon a total offense level of 31, and a criminal history category of III, the guideline range was 135 months to 168 months. Movant stipulated that an appropriate sentence was eighty months' imprisonment pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. The Court's sentence of eighty months was entered, and Movant did not file a direct appeal. Movant filed the instant § 2255 motion on August 16, 2016. The Government filed a Response, asserting that Movant's claims are barred by the waiver in her plea agreement, and are otherwise without merit. Movant filed a Reply.

1

## FEDERAL HABEAS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## MOVANT'S GUILTY PLEA

In her plea agreement, Movant waived her rights to plead not guilty, to be tried by a jury, to have her guilt proved beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses in her defense, and to not be compelled to testify against herself. She also understood the charge and the elements of the offense, as well as the thirty-year maximum sentence she faced. Movant stipulated that an appropriate sentence was eighty months' imprisonment, and that her guilty plea was freely and voluntary given, and not the result of force, threats, or promises, other than those contained in the written plea agreement. Also included in her plea agreement was the following waiver provision:

> Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment

imposed in excess of the statutory maximum, and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself.

Cause No. 4:15cr81(2) (Dkt. #152).

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who shows that ineffective assistance of counsel rendered that waiver unknowing or involuntary. The Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself, *United States v. White*, 307 F.3d 336 (5th Cir. 2002), or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

In Movant's plea agreement, Movant states:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

Movant's signed plea agreement shows that her guilty plea was knowingly and voluntarily made.

At Movant's change of plea hearing, Movant said she understood the charge and the elements of the offense and that her maximum sentence was thirty years. She confirmed that she had agreed to an eighty-month sentence. Movant stated she read the plea agreement before signing it, and understood its contents. The Court admonished Movant as to her waiver of rights and the rights she was reserving. Movant confirmed that no one had coerced her or induced her to plead guilty, and that

the facts contained in the factual statement were true. Accordingly, the hearing also shows that Movant's guilty plea was knowing and voluntary.

In her § 2255 motion, Movant claims (1) she was sentenced to additional relevant conduct because the loss amount was miscalculated, (2) she was not given the opportunity to challenge the loss amount, (3) she was sentenced based on facts that she did not admit to, or found by a jury, and (4) the Court did not consider the factors under Section 3553(a). While meritless, none of these claims fall within the narrow exceptions reserved for collateral review; thus, they are barred from collateral review. *Wilkes*, 20 F.3d at 653.

Additionally, the issues are procedurally barred because Movant could have raised the issues on direct appeal, but failed to do so. It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). It is also well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). Accordingly, if Movant raised, or could have raised, constitutional or jurisdictional issues on direct appeal, she may not raise them on collateral review unless she first shows either cause for the procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id*. at 232. Movant fails in this regard.

In cases where the record establishes that the defendant understood the nature of the charges against her and the direct consequences of her act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980). Movant fails to show that she did not understand the nature of a constitutional protection that she was waiving or that she had "such an incomplete understanding of the charges against [her] that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force her to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). If a defendant understands the nature of the charges against her and the consequences of her plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

The Court accepted Movant's guilty plea after finding it was knowing and voluntary. Likewise, a collateral review of the record confirms that the plea was knowing and voluntary; accordingly, the plea agreement must be upheld. *Id.*

### INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims she is entitled to relief because her counsel was ineffective in several instances. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700. A movant who seeks to overturn her conviction on the grounds of ineffective assistance of counsel must prove her

5

entitlement to relief by a preponderance of the evidence. *James*, 56 F.3d at 667. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697.

As shown above, Movant agreed to waive collateral review except for a claim regarding punishment imposed in excess of the statutory maximum, or a claim of ineffective assistance of counsel affecting the validity of the waiver or the plea itself. At her hearing, however, the Court noted that an old form of the agreement had been used, and that Movant could raise ineffective assistance of counsel claims, generally. Movant claims she is entitled to relief because counsel was ineffective for failing to (1) investigate and move for a minor role adjustment, (2) object to the use of an outdated version of the sentencing guidelines, (3) inform her as to why her first indictment was dismissed, and (4) fulfill his promise to provide financially for her children.

**Failure to Investigate Minor Role**

Movant claims counsel was ineffective for failing to investigate various witnesses listed in the Government's "discovery packet." Movant asserts certain witnesses would have testified that she

did not commit some of the relevant conduct she was alleged to have committed, which would have entitled her to a minor role adjustment.

It is well-settled that trial counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed, and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). A defendant must show that, had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985).

Movant fails to show that counsel did not investigate. She fails to show that the specific witnesses were willing and able to provide favorable testimony for her defense. *Alexander*, 775 F.2d at 602. She provides no affidavits from the witnesses. She fails to specify what further investigation would have revealed, and how it would have altered the outcome of the trial. *Gray*, 677 F.2d at 1093. Movant provides only conclusory allegations, which are insufficient to provide relief in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding).

Movant states that the newly amended 3B1.2 of the U.S. Sentencing Guidelines states that a defendant who does not have a proprietary interest in the criminal activity, and who is simply being

7

paid to perform certain tasks, should be considered for a reduction. Movant's role cannot be considered minor, nor can she be considered not to have had a proprietary interest in the criminal activity. The Presentence Report ("PSR") shows that Movant was the leader of the conspiracy; accordingly, she received an upward adjustment. The PSR also shows that Movant's role was upwardly adjusted for using her fourteen-year-old nephew as a "lookout." Finally, the PSR shows that Movant received an upward adjustment for obstructing justice when she confronted and threatened a codefendant whom Movant believed had debriefed with the Government. Considering these factors, Movant fails to show deficient performance, or that the outcome would have been different. *Strickland*, 466 U.S. at 694. This issue is without merit.

Moreover, a knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Tollett v Henderson*, 411 U.S. 258, 267 (1973). Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906 (1984). This issue, occurring prior to the knowing and voluntary plea, does not warrant relief for the additional reason that it is also waived. *Id.*

**Failure to Object**

Movant next asserts counsel was ineffective for failing to object when she was sentenced "under the old requirement for white collar crimes." This complaint concerns the financial loss amount attributed to Movant. A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile

or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second-guess counsel). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). A defendant must allege specifically what actions counsel should have taken and how such actions would have affected the outcome.

Movant complains about the final calculated loss amount – $604,841.27 – and asserts counsel was ineffective for failing to object to the use of an outdated guide for white collar crimes. A review of the record shows that the loss amount originally determined was $709,404.06. However, at the hearing, the probation officer explained that, based on counsel's argument, probation agreed that Movant was not responsible for approximately $104,000.00 of that amount. Accordingly, the loss amount was reduced, as applied to Movant, to $604,841.27. Based on the reduction of the loss amount and the agreement to an eighty-month sentence, counsel withdrew unresolved objections to the PSR.

For purposes of deciding the amount of restitution owed, the Court notes that the loss amounts were provided by the financial institutions that were victims of the bank fraud conspiracy.

9

Movant does not point to, or provide, any updated guidelines that should have been used. Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *Green*, 160 F.3d at 1037. Movant fails to show that the outcome of her case would have been different but for counsel's performance. *Strickland*, 466 U.S. at 694. This issue is without merit.

**Dismissal of First Indictment**

Movant next complains counsel was ineffective for not explaining to her why the first indictment against her was dismissed. The record shows Movant was indicted on April 11, 2013, and then re-indicted in this case on May 14, 2015. Both indictments charged Movant with the same crime, and the first case was dismissed. Movant fails to show how counsel's failure to explain the dismissal of the first indictment constitutes deficient performance, or how such failure affected the outcome of her case. *Strickland*, 466 U.S. at 689. The issue is without merit. Additionally, because it occurred prior to the knowing and voluntary guilty plea, it is waived. *Henderson*, 411 U.S. at 267; *Smith*, 711 F.2d at 682.

**Assistance to Movant's Children**

Although not listed as a separate issue, Movant also appears to claim that she pleaded guilty because counsel promised he would provide financial assistance to her children. A guilty plea may be invalid if it is shown that it was induced by unkept promises from counsel. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To obtain relief on this basis, a defendant must prove the exact terms of the alleged promise, exactly when, where, and by whom the promise was made, and the precise identity of an eye witness to the promise. *Id*.

Movant states she was concerned about going to prison and leaving her children. Movant attached a copy of an email from her trial counsel in which he said, "Give your daughter my cell phone number . . . I am worried if they are living in an apartment by themselves without any support." (Dkt. #1-1). He also said, "let me know if you or your kids need anything." (Dkt. #1-1).

Movant does not direct this Court to any evidence from the record, or otherwise, showing that counsel coerced her to plead guilty to an offense that she did not commit. Additionally, the emails attached to Movant's § 2255 motion do not show counsel promised to financially provide for her children – they simply show counsel was concerned. Movant fails to prove the exact terms of the alleged promise and identify an eyewitness to the alleged promise, as required. *Cervantes*, 132 F.3d at 1110. There is no evidence that counsel promised to financially support Movant's children. The record shows that Movant stated she understood the charges against her, the maximum penalties, that her plea of guilty was knowingly and voluntarily made, and that no one promised her or threatened her to obtain her guilty plea. Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Additionally, a defendant's testimony at the plea colloquy that no one attempted in any way to force or induce her to plead guilty carries a strong presumption of verity. *Abreo*, 30 F.3d at 31. This issue is without merit.

## CONCLUSION

The Court concludes that Movant's guilty plea was knowing and voluntary; therefore, the issues she raises that do not claim counsel was ineffective, are waived. *Diaz,* 718 F.2d at 1376-77. Additionally, Movant fails to meet her burden showing that counsel was ineffective or that counsel's alleged deficient performance affected the outcome of her case. *Strickland*, 466 U.S. at 694. To the extent Movant raised nonjurisdictional issues in the proceedings occurring after her knowing and

11

voluntary guilty plea, those issues are waived. *Henderson*, 411 U.S. at 267; *Smith*, 711 F.2d at 682. For the reasons discussed above, the motion will be denied.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Movant is not entitled to a certificate of appealability.

It is therefore **ORDERED** the motion to vacate, set aside, or correct sentence is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED.**

**SIGNED this 26th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE